JESSE McMILLAN,

        Petitioner,

        vs.

JOSE VASQUEZ, Warden,

        Respondent.

CIVIL ACTION NO. CV205-036

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Jesse McMillan, an inmate currently incarcerated at the Federal Prison Camp in Jesup, Georgia, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C.A. § 2241. In his petition, McMillan asserts that the Bureau of Prisons ("BOP") has incorrectly calculated his good conduct time. Specifically, McMillan contends that the BOP's interpretation of the "good conduct time statute", 18 U.S.C.A. § 3624(b)(1), has deprived him of good conduct time that he is entitled to receive. McMillan contends that the plain language of § 3624(b)(1) requires that he receive 54 days of good conduct time for every year of imprisonment to which he was sentenced. The BOP has interpreted § 3624(b)(1) to mean that "54 days of [good conduct time] may be earned for each full year [actually] served on a sentence [.]" Program Statement No. 5880.28.

This statute, in pertinent part, states:

> [A] prisoner who is serving a term of imprisonment of more than one year . . . may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term[.]

18 U.S.C.A. § 3624(b)(1). In a case of first impression in this circuit, the Eleventh Circuit Court of Appeals held that the plain text of § 3624(b)(1) is ambiguous, but the BOP's interpretation

of this statute is reasonable and "due to be affirmed[.]" <u>Brown v. McFadden</u>, 2005 WL 1618739, *2 (11th Cir. 2005, July 12, 2005). The Eleventh Circuit also held that the rule of lenity is not applicable because of the BOP's reasonable interpretation of § 3624(b)(1). <u>Id.</u> Thus, Brown's petition, in which he sought credit for additional days of good conduct time, was appropriately denied.

Based on the Eleventh Circuit Court of Appeals' holding in <u>Brown</u>, Jesse McMillan's petition for writ of habeas corpus, filed pursuant to 28 U.S.C.A. § 2241, should be **DENIED**.

**SO REPORTED AND RECOMMENDED**, this _12th_ day of September, 2005.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

2

AO 72A
(Rev. 8/82)

# United States District Court
## *Southern District of Georgia*

MCMILLAN

_____ )

vs                              )          CASE NUMBER  CV205-36 _____

VASQUEZ                         )          DIVISION     BRUNSWICK _____

_____ )

     The undersigned, a regularly appointed and qualified deputy in the office of the Clerk of this district, while conducting the business of the Court for said division, does hereby certify the following:

1.     Pursuant to the instructions from the Court and in the performance of my official duties, I personally placed in the United States Mail a sealed envelope, and properly addressed to each of the persons, parties or attorneys named below; and

2.     That the aforementioned enveloped contained a copy of the document dated 9/12/05 _____, which is part of the official record of this case.

Date of Mailing:    9/12/05 _____

Date of Certificate    ☒ same date,    or _____

                      Scott L. Poff, Clerk

By: _____

                      Sherry Taylor, Deputy Clerk

<u>Name and Address</u>

Amy Lee Copeland
Jesse McMillan, 09071-018, FCI Jesup, 2650 Highway 301 South, Jesup, GA 31599

☐ Copy placed in Minutes

☐ Copy given to Judge

☒ Copy given to Magistrate